# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHAVEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No.  1:15-cv-01384-GSA-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 4). Respondent has not yet appeared in this action.

## I.

## DISCUSSION

**A.  Preliminary Discussion**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.  Lack of Jurisdiction**

Petitioner was committed in 2003 to a term of imprisonment of 16 years to life in state prison following his years of imprisonment in the California Youth Authority for his second degree murder conviction in the Los Angeles County Superior Court.  In this petition, Petitioner challenges his Rules Violation Report ("RVR") Log #FC-14-01-061, dated January 20, 2015, for Manipulation of Staff.  Petitioner claims that the RVR was based on false evidence.  In Petitioner's second claim, he challenges his April 30, 2004 RVR for Battery on a Peace Officer. Petitioner alleges that the disciplinary findings have placed a heavy burden on his parole suitability and have been used to deny him parole by the Parole Board.

Generally, a Petitioner can only challenge one disciplinary finding in a habeas petition. The Court would usually allow Petitioner the opportunity to file an amended petition so that Petitioner could submit a petition challenging only one of the disciplinary findings.  However, in this case, both claims lack jurisdiction, so the Court must dismiss the petition.

In general, the Supreme Court has explained that federal habeas jurisdiction lies for claims that go to "the validity of the fact or length of [prison] confinement." See Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In Nettles v. Grounds, 788 F.3d 922, 1001 (9th Cir. 2015), the Ninth Circuit decided that, pursuant to Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), habeas jurisdiction extends to claims involving prison disciplinary proceedings only if petitioner's success will "necessarily spell speedier release," including "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody."  The Ninth Circuit emphasized that prior circuit precedent formulating the standard more generously is no longer valid. Nettles, 788 F.3d at 998-1002.  Applying the Skinner standard, the Ninth Circuit held that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life

sentence, who had not yet been found suitable for parole. Id. at 1003-1004. Under the circumstances in the case, neither expungement of the disciplinary finding nor restoration of lost good-time credits would necessarily accelerate Nettle's release. Id. Accordingly, the petitioner's claim was not cognizable in habeas. Id.

Here, Petitioner, like the petitioner in Nettles, is past his minimum parole eligibility date ("MEPD"), but has not yet been found suitable for parole by the Board of Parole Hearings. In a previous habeas petition in this Court, Petitioner challenged the March 5, 2014 decision of the Board of Parole Hearings finding him unsuitable for parole. See Chavez v. Board of Prison Terms, Case No. 1:15-cv-00773-LJO-JLT.[1] The challenged disciplinary findings may affect the Parole Board's future assessment of Petitioner's suitability for parole, and if he is ever found suitable for parole, the lost credits will likely affect the calculation of his release date. However, under these circumstances, the effect of expungement or credit restoration on the duration of confinement is "too attenuated" to support habeas jurisdiction. Petitioner presents no probative evidence, either through testimony or documents, that such expungement of the disciplinary findings will necessarily spell speedier release. As expungement of the challenged disciplinary decision and restoration of any good time credits lost would not necessarily accelerate Petitioner's release from custody, Petitioner's claims are not cognizable under the federal habeas statute. Thus, the petition must be dismissed.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n. 3 (9th Cir.2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n. 1 (9th Cir.1984) (citing examples of judicially noticed public records).

>    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>    (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>       (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

/ / /

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 8, 2015**                             **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE